

# Fourth Court of Appeals
## San Antonio, Texas

August 16, 2022

No. 04-22-00507-CR

Marlene **LEVEN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2021CR4845A
Honorable Ron Rangel, Judge Presiding

# O R D E R

Appellant Marlene Leven entered into a plea bargain with the State, pursuant to which she pleaded nolo contendere to the charged offense. The trial court imposed a sentence in accordance with the agreement on June 3, 2022 and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Appellant did not file a motion for new trial. Therefore, a notice of appeal was due July 5, 2022, or the notice and a motion for extension of time to file, were due fifteen days later on July 18, 2022. TEX. R. APP. P. 26.2(a)(1), 26.3. The record contains a notice of appeal file stamped August 8, 2022, but Appellant did not file a motion for extension of time to file the notice of appeal. *See* TEX. R. APP. P. 26.3.

The clerk's record also includes the trial court's Rule 25.2(a)(2) certification and the written plea bargain agreement. *See* TEX. R. APP. P. 25.2(d). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* The record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See* TEX. R. APP. P. 25.2(a)(2). The record also appears to support the trial court's certification that Appellant does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate).

Appellant is given notice that this appeal will be dismissed unless, by **September 6, 2022**, (1) she files a response establishing that the notice of appeal was timely filed by mail **and**

(2) an amended certification showing that she has the right to appeal is made part of the appellate record. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (holding that timely notice of appeal is necessary to invoke court of appeals' jurisdiction); TEX. R. APP. P. 25.2(d); 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order), disp. on merits, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication).

We **order** all appellate deadlines are suspended until further order of the court. We further **order** the clerk of this court to serve copies of this order on the attorneys of record and the court reporter.

_____
Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 16th day of August, 2022.



_____
Michael A. Cruz,
Clerk of Court